# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| FREDERICK O'DELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. |
| ) | 5:18-cv-01763-HNJ |
| WALMART STORES, INC., ) | |
| WAL-MART STORES EAST, L.P., ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

_____

## REPORT OF PARTIES' PLANNING MEETING
_____

1. **Appearances:**

Pursuant to Fed. R. Civ. P. 26(f), a meeting of the parties was held on **November 26, 2018,** and was attended by the following:

    a.    **Garrett Dennis** on behalf of the Plaintiff; and

    b.    **Marda W. Sydnor** on behalf of Defendant.

2. **Brief Description of the Case**:

This is a diversity jurisdiction, personal injury action arising from an incident that occurred at Wal-Mart store #661 in Athens, Alabama on Saturday, March 18, 2017. Plaintiff claims that he was returning to his automobile with a tire he had purchased from Wal-Mart when a Wal-Mart employee, operating a motor vehicle

that had been parked at the tire center, backed up, striking the plaintiff and knocking him down. Legal claims are negligence, wantonness, negligent and wanton hiring, training, supervision and retention, negligent and wanton maintenance, operation, service and repair, and negligent and wanton entrustment.

Defendant denies that it was guilty of negligence, wantonness, negligent or wanton hiring, training, supervision or retention, negligent or wanton maintenance, operation, service, or repair, or negligent or wanton entrustment. Defendant avers that the Complaint fails to state a claim upon which relief can be granted. Defendant denies that it is responsible for the plaintiff's alleged injuries and damages under a theory of *respondeat superior*. Defendant denies that there was a dangerous condition on the premises which Wal-Mart either created, knew about, or should have known about. Defendant asserts that to the extent there was a hazard, it was or should have been open and obvious to the plaintiff. The incident was proximately caused by an independent, intervening, or superseding cause, and not by the acts of the defendant. The Defendant avers that the plaintiff was himself guilty of negligence in connection with the claims asserted and denies that the plaintiff was injured to the nature and extent claim. Defendant asserts that plaintiff has failed to mitigate damages as is required by law. Defendant denies that any act or omission on its part was a proximate cause of any injury to the plaintiff. Defendant avers that

there is no causal or relationship between the actions of the defendant and the injuries and damages referred to in the Complaint.

3. **Addition of Parties**:

    a. Plaintiff should be allowed until **January 25, 2019,** to join additional parties without leave of Court.

    b. Defendant shall have until **February 22, 2019,** to join additional parties without leave of Court.

4. **Amendment of Pleadings:**

    a. Plaintiff shall have until **January 25, 2019** to amend the pleadings without leave of Court.

    b. Defendant shall have until **February 22, 2019** to amend the pleadings without leave of Court.

5. **Discovery Limitations and Cutoffs:**

    a. **Pre-Discovery Disclosures.** The parties will exchange by **December 10, 2018**, the information required by Local Rule 26.1(a) (1).

    b. All discovery must be commenced in time to be completed by **August 30, 2019.**

    c. Unless modified by written and filed Stipulation of the Parties:

        i. **Depositions**: Maximum of **8** depositions per party.

      ii.    **Interrogatories**:  Maximum of **30** interrogatories to be allowed by each party, with responses due **30** days after service.

      iii.    **Requests for Production**:  Maximum of **30** requests for production of documents allowed by each party, with responses due **30** days after service.

      iv.    **Requests for Admission**:  Maximum of **20** requests for admission allowed by each party, with responses due **30** days after service.

      v.    **Supplementation:** Supplementation of Disclosures under Rule 26(e), Fed. R. Civ. P., are due as required therein, but no later than **40** days before the close of discovery.

6.    **Expert Testimony**:  The disclosure of expert witnesses, including a complete report under Fed. R. Civ. P. 26(a) (2)(b) from any specially retained or employed expert, is due:

    a.    From the Plaintiff:    **March 15, 2019.**

    b.    From the Defendant:    **May 17, 2019**.

7.    **Class Certification Motions:**  Not Applicable.

8.    **Dispositive Motions:**  All potentially dispositive motions must be filed by **September 16, 2019**.

9.    **Pre-Trial Conference**: The parties request a final pre-trial conference.

10. **Trial:** The parties request that this case be set for trial after **November, 2019,** or within **60** days after the Court's ruling with the respect to any dispositive motions, whichever is later. At this time, it is anticipated that the trial of the case will take approximately two to three days.

11. **Final Lists**: The deadlines for filing and serving lists of trial witnesses and exhibits under Rule 26(a)(3), Fed. R. Civ. P., or any objections thereto, shall be set in accordance with the pre-trial order of the Court.

12. **HIPAA Qualified Protective Order:** The parties stipulate to the entry of the HIPAA Qualified Protective Order attached to this report.

13. **Scheduling Conference**: The parties do not require a scheduling conference prior to the entry to the Scheduling Order.

14. **Settlement/Mediation**: The parties assess that any discussion regarding settlement and mediation is premature. Counsel will advise the Court regarding their position on settlement and mediation by the close of discovery.

15. **Electronic Discovery**: Plaintiff will preserve electronic documents related to her claims or Defendant's defenses in her possession, custody or control, including, without limitation, all such documents in her personal home computer(s). Plaintiff shall also preserve any and all internet postings that relate to alleged employment applications with Defendant, her claims, or Defendant's defenses in her

control (such as a "Facebook" or "Myspace" website), and shall take no affirmative steps to encourage the destruction of any such postings outside of her control.

Defendant will preserve electronic documents in its possession, custody or control that relate to Plaintiff or her claims, or Defendant's defenses, including, but not limited to, all electronic documents created or reviewed by any decision maker in this case that concern Plaintiff, her claims, or Defendant's defenses.

The parties will initially produce paper or **CD-ROM** of electronically stored relevant documents in response to initial disclosures and discovery. The parties will notify each other if any electronically stored relevant documents cannot be printed or produced on paper or **CD-ROM** format so that the parties can reach an agreement on how they will be produced.

This report represents the agreement of the parties.

This the 27th day of November, 2018.

/s/ Garrett Dennis (*with permission*)
**GARRETT DENNIS**
Attorney for Plaintiff

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
gdennis@asilpc.com

                          /s/ Marda W. Sydnor
                          **MARDA W. SYDNOR**
                          Attorney for Defendant

**OF COUNSEL:**
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
(205) 326-6600
msydnor@pljpc.com