# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **FREDERICK L. O'DELL,** )  )  | |
| **Plaintiff,** )  )  | |
| v. ) )  | **Case No.: 5:18-cv-01763-HNJ** |
| **WAL-MART STORES EAST, L.P., et al,** )  )  )  | |
| **Defendants.** ) | |

## MOTION TO REMAND

COMES NOW the Plaintiff, Frederick L. O'Dell, in the above action and respectfully requests this Honorable Court remand his case to the Circuit Court of Limestone County. In support of his motion the Plaintiff states as follows:

## FACTS

1. This case stems from a collision between a motor vehicle and the Plaintiff's person.

2. The vehicle involved in the collision was driven by a Wal-Mart associate.

3. The identification of the associate was revealed in Defendant's initial disclosures.

4. The associate, Ronald McGill, has been added as a defendant to this lawsuit.

5. Defendant, Ronald McGill, is a citizen of the State of Alabama.

6. Plaintiff, Frederick L. O'Dell, is also a citizen of the State of Alabama.

## ARGUMENT OF LAW

A. **The Law Controlling Remand**

This Court no longer has subject matter jurisdiction over the Plaintiff's claims. Defendant, Wal-Mart Stores East, L.P.'s, cited diversity of citizenship as its basis for removal. See Document

1. "Diversity jurisdiction requires complete diversity—every plaintiff must be diverse from every defendant." *Wakefield v. Crinnian*, 44 F. Supp. 3d 1195, 1199 (N.D. Ala. 2014). With the addition of Defendant, McGill, complete diversity no longer exists. If federal jurisdiction is even "doubtful," a case must be remanded back to the state court from which it was removed. *See Pacheco de Perez v. AT&T*, 139 F. 3d 1368, 1373 (11th Cir. 1998); *see also Johnston Industries, Inc. v. Milliken & Co.*, 45 F. Supp. 2d 1308, 1311 (M.D. Ala. 1999) (quoting *Seroyer v. Pfizer, Inc.*, 991 F. Supp. 1308, 1312 (M.D. Ala. 1997) (all doubts and uncertainties about federal court jurisdiction must be resolved in favor of a remand to state court)). Furthermore, the Eleventh Circuit has pronounced its preference for remand where federal jurisdiction is not entirely clear. *See Burns*, *supra*. Under the weight of this precedent, a District Court must therefore "be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits." *B. Inc. v. Miller Brewing Co.*, 663 F. 2d 545, 599 (5th Cir. 1981).

In an analysis of the propriety of removal jurisdiction, all of the Plaintiff's allegations must be evaluated most favorably to the Plaintiff, and all contested facts must be resolved in favor of the Plaintiff. *See Pacheco de Perez*, *supra*; *see also Laughlin*, *supra*; *see also Bobby Jones Garden Apartments v. Suleski*, 391 F. 2d 172 (5th Cir. 1968). Finally, any uncertainties in controlling substantive law must be resolved in favor of the Plaintiff. *See Id*. In this case, the Plaintiff is a citizen of Alabama and Defendant, McGill, is a citizen of Alabama. Accordingly, complete diversity of citizenship no longer exists between the parties and this Court no longer has subject matter jurisdiction over the Plaintiff's claims.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Court grant his motion to remand this case back to the Circuit Court of Limestone County.

Respectfully Submitted,

_____
Garrett Dennis (ASB-1211-K40A)
Attorney for Plaintiff

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
221 Longwood Dr. SW
Huntsville, AL 35801
Phone:        (205) 983-8144
Facsimile:    (205) 983-8444
Email:        gdennis@asilpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon the following counsel of record via PACER, on this the 21st day of January, 2019:

Marda W. Sydnor
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216

_____
Garrett Dennis (ASB-1211-K40A)
Attorney for Plaintiff