UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FREDERICK L. O'DELL,               )
                                   )
        Plaintiff,                 )
                                   )
vs.                                )   Case No. 5:18-cv-01763-HNJ
                                   )
WAL-MART STORES EAST, L.P., et al., )
                                   )
        Defendants                 )

## MEMORANDUM OPINION

This civil action proceeds before the court on Plaintiff Frederick L. O'Dell's Motion to Remand (Doc. 14), Defendant Wal-Mart Stores East, L.P.'s ("Wal-Mart") Motion to Strike O'Dell's Amended Complaint (Doc. 16), and O'Dell's Motion for Leave to Amend Complaint. (Doc. 17). Based upon the following discussion, the court **DENIES** O'Dell's Motion to Remand, **GRANTS** Wal-Mart's Motion to Strike, and **DENIES** O'Dell's Motion for Leave to Amend Complaint.

### Background

On September 17, 2018, O'Dell filed a complaint in the Circuit Court of Madison County, Alabama. (Doc. 1-1 at 2-8). The complaint alleged state law claims against defendants "Walmart Stores, Inc.", "Wal-Mart Stores East, L.P.", and "Fictitious Defendants 1-18." (*Id.*) O'Dell's claims stem from an accident in the parking lot of Wal-Mart Store #661 in Athens, Alabama, where a vehicle allegedly

driven by a Wal-Mart employee struck him. (Doc. 1-1 at 5-8). Based on these pleaded facts, O'Dell asserted claims of negligence/wantonness; respondeat superior; negligent/wanton hiring, training, supervision and/or retention; negligent/wanton maintenance operation, service and/or repair; and negligent/wanton entrustment. (*Id.*) In each of the five counts of the complaint, O'Dell demanded the same relief: "Plaintiff demands judgment against [Defendants Walmart Stores, Inc. and Wal-Mart Stores East, L.P.] and/or fictitious party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action." (*Id.*)

Along with the summons and complaint, O'Dell contemporaneously served Consolidated Discovery Requests on both named Defendants. (Doc. 1-1 at 10-24). Plaintiff included in the requests an interrogatory requiring Defendants to "[s]tate the full name and address of Your Driver."[1] (Doc. 1-1 at 13, 21).

On October 25, 2018, Wal-Mart Stores East, L.P. (according to Defendant, Walmart Stores, Inc., does not exist) filed a timely notice of removal. Wal-Mart relied on 28 U.S.C. § 1332[2] for federal subject-matter jurisdiction, alleging that O'Dell is a legal resident of Alabama and Wal-Mart is a limited-liability partnership organized

---

[1] The requests define the term "your driver" as "[the] employee involved in the collision that is the basis of Plaintiff's Complaint." (Doc. 1-1 at 10, 18).

[2] Title 28 U.S.C. §1332 reads in relevant part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States; . . ." 28 U.S.C. § 1332(a)(1).

under the laws of Delaware with its principal place of business in Arkansas. (Doc. 1 at

5). Wal-Mart also asserted that the nature of the claims alleged plainly satisfied the

$75,000.00 minimum amount in controversy.[3]

After the parties convened a Rule 26(f) Planning Meeting, they released a

report to the court on November 27, 2018. (Doc. 9). The court issued a Rule 16

Scheduling Order, which contained crucial deadlines pursuant to the parties'

stipulation. (Doc. 10). The Scheduling Order contained the following limitations:

> **Pleadings and Parties:** No causes of action, defenses, or parties may be
> added by plaintiff(s) after January 25, 2019. [ . . . ] Unless the party's
> pleading may be amended as a matter of course pursuant to Fed.R.Civ.P.
> 15 (a), the party must file a Motion for Leave to Amend. Such Motion
> for Leave to Amend shall state, specifically, those matters the party
> wishes to add or delete and shall contain, attached as an exhibit, the
> complete and executed Amended Complaint or Amended Answer,
> which is suitable for filing. The Motion for Leave to Amend, with the
> attached amended pleading, shall be served in accordance with
> Fed.R.Civ.P. 5.

(Doc. 10 at 1).

On January 21, 2019, O'Dell filed an amended complaint without seeking leave

to do so. (Doc. 13). In his amended complaint, O'Dell added Ronald McGill as a

---

[3] Where a plaintiff fails to specify monetary relief, a defendant seeking removal based on diversity
jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds
the $75,000 jurisdictional requirement. 28 U.S.C. § 1446(c)(2). The court may consider the complaint
and the notice of removal when assessing the amount in controversy. *Lowery v. Alabama Power Co.*,
483 F.3d 1184, 1213 (11th Cir. 2007).

Although the complaint does not request a specific monetary demand, the claims asserted in the
complaint and the undisputed information in the notice of removal clearly demonstrate O'Dell
demands in excess of $75,000. Wal-Mart also noted that O'Dell's pre-suit demand exceeded
$75,000.00 (Doc. 1 at 7).

defendant, alleging that McGill is the Wal-Mart employee who struck O'Dell while driving a vehicle in service of Wal-Mart. (Doc. 13 at 2). The amended complaint also specified that McGill is a citizen of the state of Alabama. (*Id.*)

On the same day that O'Dell filed his amended complaint, he filed a Motion to Remand. (Doc. 14). In his Motion, O'Dell alleges that identification of McGill as the Wal-Mart employee driving the vehicle that struck him destroys complete diversity of citizenship in this action, as both O'Dell and McGill hail from Alabama. Wal-Mart filed a response to O'Dell's motion on February 7, 2019, which also included a motion to strike O'Dell's amended complaint. (Doc. 16). Wal-Mart contends the court should 1) strike O'Dell's amended complaint because he failed to follow the procedure laid out in the court's Scheduling Order, or 2) in the alternative, exercise its discretion under 28 U.S.C. § 1447(e) to disallow the amendment because it will destroy the court's diversity jurisdiction.

On February 14, 2019, O'Dell filed his reply to Wal-Mart's response, which also included a Motion for Leave to Amend Complaint. (Doc. 17).

## DISCUSSION

O'Dell seeks leave of the court to file an amended complaint adding Ronald McGill as an individual defendant. Because McGill resides in Alabama, the amendment would destroy the court's diversity subject-matter jurisdiction. In such circumstances in which joinder would destroy diversity jurisdiction, the court retains discretion to withhold joinder pursuant to 28 U.S.C. § 1447(e). Title 28 U.S.C. §

4

1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Section 1447(e) commits decisions to deny or permit joinder to the sound discretion of district courts. *Dean v. Barber,* 951 F.2d 1210, 1215 (11th Cir. 1992).

More pointedly, the court's denial of joinder does not constitute an abuse of discretion when a plaintiff seeks to join defendants after expiration of a scheduling order's deadline for amending pleadings. *Taylor v. Moskow*, 717 F. App'x 836, 839 (11th Cir. 2017) ("The court did not abuse its discretion by choosing [§ 1447(e)'s] first option because [the plaintiff] did not attempt to join the [the non-diverse defendants] until . . . well after the . . . deadline set by the court's scheduling order."). A "'district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion.'" *Id.* (quoting *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011)).

To be sure, Federal Rule of Civil Procedure 16(b) allows an amendment outside the date specified in the scheduling order "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also So. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009)("A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b)."); *Smith v. School Bd. of Orange Cnty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007)(citing *Sosa v. Airprint Systems, Inc.*, 133 F. 3d 1417, 1419 (11th Cir. 1998)( when a

party files an untimely motion to amend, the court must first determine whether the party complied with Rule 16(b)'s good cause requirement)).

O'Dell filed his amended complaint on January 21, 2019. However, O'Dell did not seek leave to file his amended complaint until February 14, 2019, approximately three weeks after the scheduling order's January 25, 2019, deadline expired. For this reason alone, the court may not afford O'Dell a modification because he did not seek leave of the court, i.e., obtain the court's consent pursuant to Rule 16(b), before attempting to join the non-diverse defendant. *See Taylor*, 717 F. App'x at 839 (denying Rule 16(b) amendment in part because plaintiff "did not seek leave of the court before attempting to join new defendants"). Therefore, the court deems O'Dell's filed, amended complaint a nullity which presently lacks legal effect. *See Hoover v. Blue Cross & Blue Shield of Alabama*, 855 F.2d 1538, 1544 (11ᵗʰ Cir. 1988)("[I]f an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered . . . .")(quoting C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1485 (1971) [now 6 C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1484 (3d ed. 2018)]).

O'Dell also did not satisfy the good cause standard to pursue an amendment in violation of the scheduling order deadline. Rule 16(b)'s "good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (internal quotation marks and

citation omitted). The party seeking relief from the scheduling order bears the burden of establishing good cause and diligence. *See Johnson v. Kilpatrick*, No. 6:17-cv-00285-LSC, 2018 WL 1884809, at *2 (N.D. Ala. Apr. 19, 2018)(citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010)("Rule 16(b)(4) focuses on the moving party's burden to show due diligence."). Not only does Rule 16(b)(4) establish the good cause standard's applicability to scheduling order modifications, the court's Rule 16(b) Scheduling Order expressly declares it "governs further proceedings . . . unless modified for good cause shown." (Doc. 11 at 1; *see also id.* at 3 ("Except as expressly modified by the above, the stipulations, limitations, deadlines and other agreements set forth in the report of the parties shall apply in this case.")).

O'Dell does not sustain his burden to demonstrate good cause to permit a tardy amendment, principally because he fails to address Rule 16(b)'s good cause standard in his motion to amend or his reply thereto. Due to the failure to lodge any argument against Rule 16(b)'s applicability, the circumstances do not indicate the diligence required to demonstrate good cause for the amendment.

Furthermore, Wal-Mart informed O'Dell about the identity of McGill on December 10, 2018, the date he received Wal-Mart's initial disclosures. O'Dell delayed six weeks to file his amended complaint and nearly two months to file his motion for leave to amend. He provides no explanation for the delay, thus falling short of Rule 16(b)'s "good cause" threshold. *See So. Grouts*, 575 F.3d at 1242 (plaintiff lacked

diligence under Rule 16(b) because it filed a motion to amend with information it had known for over a month).

Finally, O'Dell identifies McGill as an "integral participant and party" in this matter, thus inciting the provisions of Federal Rule of Civil Procedure 19. Rule 19(a)(1) sets forth two categories of necessary parties that litigants to an action must join if feasible:

(a) **Persons Required to Be Joined if Feasible**

(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

If a person qualifies as a necessary party under Rule 19(a)(1) but cannot be joined because joinder would divest the court of jurisdiction, the court "must then ascertain, applying the factors in Rule 19(b), whether the party is indispensable or if the litigation may continue in that party's absence." *Intersport, Inc. v. T-Town Tickets*

*LLC*, 896 F. Supp. 2d 1106, 1114-15 (N.D. Ala. 2012)(citing *Focus on the Family v. Pinellas Suncoast Transit Auth.,* 344 F.3d 1263, 1280 (11th Cir. 2003)). "The movant bears the burden of establishing that a party is necessary or indispensable under Rule 19." *Hardy v. IGT, Inc.*, No. 2:10-CV-901-WKW, 2011 WL 3583745, at *2 (M.D. Ala. Aug. 15, 2011)(citing *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1347 (11th Cir. 2011)).

As an initial matter, § "1447(e) and Rule 19 in combination expand the district court's options for dealing with an attempt to join a necessary, nondiverse party after the case has been removed to federal court. The court may (1) deem the party "indispensable" and dismiss the case, (2) deem the party not indispensable and continue its jurisdiction over the lawsuit without joinder, or (3) allow joinder and remand the case to state court." 16 Moore's Federal Practice - Civil § 107.151 (2019) (citing *Yniques v. Cabral*, 985 F.2d 1031, 1035 (9th Cir. 1993), *disapproved of on other grounds by McDowell v. Calderon*, 197 F.3d 1253 (9th Cir. 1999)). In this action, the court deems McGill dispensable, and thus, continues jurisdiction without joinder.

The court finds so because O'Dell fails to demonstrate McGill constitutes a "necessary" party who should be joined under Rule 19(a). The court may accord complete relief to O'Dell absent the joinder of McGill. In his original complaint, O'Dell asserts claims of negligence/wantonness; respondeat superior; negligent/wanton hiring, training, supervision, and/or retention; negligent/wanton maintenance, operation, service, and/or repair; and negligent/wanton entrustment.

(Doc. 1-1 at 5-8). These theories of liability clearly implicate Wal-Mart for full satisfaction of any damages due O'Dell for the injuries he sustained. *See AT & T Info. Sys., Inc. v. Cobb Pontiac-Cadillac, Inc.*, 553 So. 2d 529, 534 (Ala. 1989) ("Generally speaking, a principal will be held liable for the tortious acts of his agent in one of two ways: vicariously, . . . or 'where the principal participated in the tort to such an extent that he may be considered a joint tortfeasor.'") (citations omitted); *Courtesy Ford Sales, Inc. v. Clark*, 425 So. 2d 1075, 1077 (Ala. 1983) ("[I]n a case properly grounded on theories other than vicarious liability, a principal may be liable where the agent is exonerated . . . . Such a case exists where the principal participated in the tort to such an extent that he may be considered a joint tortfeasor. Liability in such a case, whether grounded in negligence or for willful conduct, is joint and several.") (citations omitted).

As for the other two factors in the Rule 19(a) analysis, O'Dell has not argued, much less, demonstrated, any interest McGill claims in this litigation or any exposure by Wal-Mart to a risk of incurring double or inconsistent obligations. Therefore, the court finds that McGill does not qualify as an indispensable party, which buttresses the denial of O'Dell's motion for leave to amend his complaint.

O'Dell argues that striking his amended complaint would subject him to litigating related claims in both state and federal court. Section 1447(e) contemplates this result in its application, and thus, the court's finding that Rule 16(b)(4) does not warrant joinder forecloses O'Dell's entreaty. The limitations period has not run on

O'Dell's claims against McGill, and thus he may pursue the sought relief in state court.

## CONCLUSION

For the foregoing reasons, the court **DENIES** O'Dell's Motion for Leave to Amend. Further, the court deems O'Dell's Amended Complaint (Doc. 13), filed on January 21, 2019, a legal nullity and **STRIKES** it from the record. Finally, because O'Dell's original complaint serves as the operative document, the court still properly exercises subject matter jurisdiction over this action and therefore **DENIES** O'Dell's Motion to Remand.

**DONE** this 22nd day of May, 2019.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE